**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| VERONICA ONTIVEROS | § | |
| *Plaintiff* | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION 7:22-cv-16 |
| CHUBB LLOYD'S INSURANCE | § | |
| COMPANY OF TEXAS | § | |
| *Defendant* | § | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW CHUBB LLOYD'S INSURANCE COMPANY OF TEXAS ("Chubb"), Defendant in the above-styled and numbered cause, and moves this Honorable Court for an Order entering judgment as a matter of law against Plaintiff, pursuant to Federal Rule of Civil Procedure 56, and would respectfully show as follows:

## I. Summary of Motion

Plaintiff filed this suit seeking insurance proceeds for alleged 2020 storm damage to her residence that overlaps with prior storm damage for which Plaintiff received policy payments but failed to make repairs. Plaintiff maintains that repairs were made to the property prior to the subject storm, and she testified at her deposition that she would provide information and documentation of same, but has failed to do so in this suit. Plaintiff has failed to provide any evidence to support her claims against Defendant, and Defendant's investigation found no basis for payment under the Policy for the insurance claim made the subject of this suit. Accordingly, the Court should grant Defendant's motion and dismiss Plaintiff's case as a matter of law.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no

genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." 56(c). The movant bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Williams v. Adams*, 836 F.2d 958, 960 (5th Cir. 1988). The movant, however, need not negate the elements of the nonmovant's case. *Wallace v. Texas Tech Univ.*, 80 F. 3d 1042, 1047 (5th Cir.1996) (*citing Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075 (5th Cir. 1994)). Where the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F. 3d 313, 315 (5th Cir. 1995). "A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

## III. Evidence Supporting the Motion

Defendant moves that the Court take judicial notice of the pleadings filed in this cause of action, and hereby refers to said pleadings and fully incorporates them by reference hereto. Further, Defendant attaches the following exhibits and incorporates them for all purposes as if they have been fully set forth in this Motion:

Exhibit A: Policy No. 1394758201 ("Policy")

Exhibit B: Engineering Investigation by Nelson Forensics – Storm Distress Evaluation report, dated March 22, 2021

Exhibit C: Coverage correspondence dated March 30, 2021

Exhibit D: Response (to Pre-Suit Demand Letter) dated November 18, 2021

## IV. Argument and Authorities

Plaintiff seeks coverage under the Policy for alleged damage by a storm on July 25, 2020 to her residential property. ***See*** **Exhibit A, Policy**. Following its investigation, including analysis

of the property by an engineering firm, Defendant Chubb denied the insurance claim on March 30, 2021 based on its investigation including engineering findings. ***See* Exhibit B, Nelson Forensics Report; Exhibit C, Denial Letter.** On November 18, 2021, Chubb rejected Plaintiff's pre-suit demand because Chubb had already made payment in relation to Plaintiff's prior insurance claim for the elements of damage requested in the subject insurance claim and because damage was otherwise excluded. **Exhibit No. D.** Chubb's response letter asked counsel to provide documentation regarding any repairs made to the property in connection with payment of the prior claim, given that the two claims involved overlapping damages. ***Id.*** Instead of responding with the requested documentation, Plaintiff filed this lawsuit on November 30, 2021, alleging breach of contract, violations of the Texas DTPA and Insurance Code Chapters 541 and 542, and breach of the duty of good faith and fair dealing. *See* D.E. 1-1, Plaintiff's Original Petition and Request for Disclosure.

Despite that Defendant Chubb again sought, through formal discovery channels, to obtain the requested information, to date, Plaintiff has not provided sufficient documentation in support of her suit against Defendant. Her failure to provide adequate discovery is the basis of Defendant's separate motion to compel (which is adopted and incorporated as though fully set forth herein, including exhibits); nonetheless, Defendant submits that summary judgment is proper at this juncture. As shown, Defendant's investigation found no reasonable basis for coverage under the Policy for the subject insurance claim, and Plaintiff has no evidence otherwise.

Under these circumstances, and given Defendant's coverage position based on its investigation, engineering findings and the Policy, Defendant is entitled to judgment as a matter of law.

## V. CONCLUSION

Both before and during this lawsuit, Plaintiff failed to provide requested documentation in support of her insurance claim and to counter the basis for Defendant's denial. Absent such information, and given the scope of Defendant's investigation and the support for its denial of coverage, this Honorable Court should enter judgment as a matter of law against Plaintiff, pursuant to Federal Rule of Civil Procedure 56.

## PRAYER

Based on the above, Defendant respectfully moves the Court grant this Motion in its entirety, enter summary judgment in favor of Chubb on all claims made against it by Plaintiff, enter judgment that Plaintiff take nothing, and for any other relief to which Defendant may show itself justly entitled.

Respectfully submitted,

**CHAFFE MCCALL, L.L.P.**

*/s/ Frank A. Piccolo*_________
**FRANK A. PICCOLO**
Texas State Bar No.: 24031227
Federal Bar No.: 30197
801 Travis Street, Suite 1910
Houston, Texas 77002
Telephone: (713) 546-9800
Facsimile: (713) 546-9806
Email: frank.piccolo@chaffe.com
**ATTORNEY-IN-CHARGE FOR DEFENDANT CHUBB LLOYD'S INSURANCE COMPANY OF TEXAS**

**OF COUNSEL:**
CAROLINE T. WEBB
Texas State Bar No. 24051497
Federal Bar No. 613260
CHAFFE MCCALL LLP
801 Travis Street, Suite 1910
Houston, Texas 77002
Telephone: (713) 546-9800
Facsimile: (713) 546-9806
Email: caroline.webb@chaffe.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on all counsel of record in this proceeding in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this the 6th day of February, 2023.

Omar Ochoa
OMAR OCHOA LAW FIRM PC
121 N. 10th Street
McAllen, Texas 78501
oochoa@omarochoalaw.com

Victor Rodriguez
VICTOR RODRIGUEZ LAW FIRM PC
121 N. 10th Street
McAllen, Texas 78501
victor@vrodriguezlaw.com

*/s/ Frank A. Piccolo*
Frank A. Piccolo